826 F.2d 1061
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy WALLACE, Defendant-Appellant.
 No. 86-5633
 United States Court of Appeals, Fourth Circuit.
 Submitted June 9, 1987.
Decided Aug. 12, 1987.
 
 Neil W. Steinhorn, Freedman & Steinhorn, P.A., on brief, for appellant.
 Breckinridge L. Willcox, United States Attorney, Peter M. Semel, Charles P. Scheeler, Assistant United States Attorneys, on brief, for appellee.
 Before RUSSELL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Timothy Wallace appeals the jury verdict which found him guilty of violating 18 U.S.C. Sec. 241 (conspiracy to violate civil rights), 18 U.S.C. Sec. 1512 (witness tampering), and 18 U.S.C. Sec. 924(c) (use of a firearm during a crime of violence). On appeal, Wallace asserts that (1) his right to a speedy trial was denied because he was tried eight months after his arrest and (2) there was insufficient evidence to support the jury's verdict. Wallace has also filed a supplemental brief asserting that his conviction should be set aside because (1) he was denied the attorney of his choice; (2) there was insufficient evidence to support the jury's verdict; and (3) the district court improperly instructed the jury. Finding no prejudicial error in the prior proceedings we affirm.
 
 
 2
 On October 4, 1985, a detainer was placed on Wallace as a result of criminal charges relating to the murder of William Player. This detainer was subsequently dismissed. On November 8, 1985, Wallace, along with two codefendants, was indicted for Player's murder; on December 4, an attorney entered an appearance on behalf of all defendants and a number of motions were filed by the government and the defendants. In January 1986, after concluding that there was a potential confict of interest, the district court ordered that new and separate counsel be appointed for each defendant. Neil Steinhorn was appointed to represent Wallace. As a result of this change in counsel the trial was rescheduled for March 24, 1986. Steinhorn filed several additional motions. The trial was continued until May 19, 1986, due to scheduling conflicts of the attorney for one of the codefendants. A jury found Wallace guilty of three of the charges against him and he was sentenced to life plus 15 years.
 
 
 3
 Determination of whether an accused's Sixth Amendment right to a speedy trial has been violated involves a balancing of four factors: (1) length of the delay; (2) reason for the delay; (3) when the speedy trial right was asserted; and (4) whether the defendant was prejudiced by the delay. Barker v. Wingo, 407 U.S. 514 (1972). The delay of approximately seven months in this case was attributable to motions filed by the defendants and the government, and it does not appear that these motions were intended as delay tactics. Wallace admits that he was able to call all of his witnesses and their testimony was not impaired by the delay. Wallace's conclusory allegation that the delay allowed the government's witnesses to change their testimony is insufficient to establish that he was prejudiced by the delay. We accordingly find no violation of his constitutional right to a speedy trial.
 
 
 4
 When reviewing challenges to the sufficiency of the evidence the role of the court is not 'to weigh the evidence or to determine the credibility of witnesses. The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it.' Glasser v. United States, 315 U.S. 60, 80 (1942). Wallace argues that there was insufficient evidence to support a finding of conspiracy. Both circumstantial and direct evidence may be relied upon to determine whether there was sufficient evidence to support the jury's finding. See United States v. Tresvant, 677 F.2d 1018 (4th Cir. 1982). Testimony was presented that (1) Wallace and the two codefendants were repeatedly in the neighborhood for three days prior to the victim's death; (2) Wallace and the codefendants had attempted to give the victim's neighbors money to point him out and to get him outside; and (3) Wallace shot the victim while one of the codefendants acted as a lookout. The evidence presented was sufficient to support the jury's verdict.
 
 
 5
 The arguments raised in Wallace's supplemental brief are similarly without merit and we deny Wallace's motion for appointment of new counsel. Accordingly, we affirm the decision of the district court. Because the facts and legal contentions are adequately developed in the materials before the Court and argument would not significantly aid the decisional process, we dispense with oral argument pursuant to Fed. R. App. P. 34 and Local Rule 34(a).
 
 
 6
 AFFIRMED.